DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-320-FDW

| | |
|---|---|
| JONATHAN JAMES NEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SUSAN WHITE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e). On December 23, 2014, the Clerk of this Court granted Plaintiff in forma pauperis status and entered an order directing monthly payments to be made from Plaintiff's trust fund account. (Doc. No. 7).

**I.     BACKGROUND**

Pro se Plaintiff Jonathan Newell is a North Carolina inmate currently incarcerated at Mountain View Correctional Institution. North Carolina Department of Public Safety records show that Plaintiff was convicted on October 29, 2008, of first-degree murder and was sentenced to life in prison. On December 16, 2014, Plaintiff filed the instant Complaint in this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. §§ 12101-12213. Plaintiff has named as Defendants: (1) Susan White, Administrator of Alexander Correctional Institution; (2) Jackie Huggins, identified as a unit manager at Mountain View; and (3) Lynn B. Ollis, identified as a mail room clerk at Mountain View. In the Complaint, Plaintiff alleges that on October 22, 2013, after Plaintiff was sent to "cool down" following a verbal altercation with Defendant Ollis,

1

Defendant White, who was visiting Mountain View that day, ordered Defendant Huggins to seize Plaintiff's legal files without first providing a deprivation hearing in violation of Plaintiff's due process rights. (Doc. No. 1 at 2; 12). Plaintiff alleges that Defendant Huggins returned the legal files to Plaintiff the next day. (Id. at 13). Plaintiff also alleges that Defendant Ollis tampered with Plaintiff's mail in collusion with Defendant White. (Id. at 2). As to the verbal altercation with Defendant Ollis on October 22, 2013, Plaintiff alleges that Defendant Ollis "abuse[d] her authority as a mail room clerk in a collusive effort to assist in provoking me by my mental health issues to get me into segregation to gain access to my legal files." (Id. at 13). Plaintiff seeks various forms of injunctive relief, as well as compensatory and punitive damages. (Id. at 5).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper

2

exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

**III.    DISCUSSION**

In the section of the Complaint regarding exhaustion of administrative remedies, Plaintiff alleges that he "filed a grievance," and he also names numerous person to whom he allegedly "wrote letters." (Doc. No. 1 at 4). Plaintiff submitted his administrative remedies statement on January 2, 2015, in which he states that he has exhausted his administrative remedies and he references his pending motion for a temporary restraining order. See (Doc. No. 9). Attached as

3

an exhibit to the motion for temporary restraining order are Step One and Step Two responses to a grievance filed by Plaintiff. (Doc. No. 9-2). The Step One response is dated January 23, 2014, and the Step Two response is dated February 12, 2014. Plaintiff has not attached a Step Three response. In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Before this action proceeds to a review on the merits, Plaintiff must first show that he has exhausted his administrative remedies by submitting to this Court the prison's Step Three response to his grievance.

### IV. CONCLUSION

Plaintiff shall have twenty days from service of this order to submit the Step Three response to his grievance to show the Court that he has exhausted his administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall have twenty days from service of this Order in which to submit to the Court the Step Three response to his grievance related to the claims in this action. If Plaintiff fails to submit the Step Three response, this action will be dismissed without further notice and without prejudice for failure to exhaust administrative remedies.

Signed: January 8, 2015

Frank D. Whitney
Chief United States District Judge