# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-320-FDW

| | | |
|---|---|---|
| JONATHAN JAMES NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SUSAN R. WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction, (Doc. No. 9), and on Plaintiff's Motion for Leave to Amend and Supplement Original Complaint, (Doc. No. 18).

## I. BACKGROUND

On December 16, 2014, pro se Plaintiff Jonathan James Newell, a state court inmate currently incarcerated at Mountain View Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., against the following Defendants: Susan White, identified as the Superintendent of Alexander Correctional Institution; Jackie Huggins, identified as a Unit Manager at Mountain View Correctional Institution; and Lynn B. Ollis, identified as a Mail Room Clerk at Mountain View Correctional Institution. (Doc. No. 1). In the Complaint, Plaintiff alleges that on October 22, 2013, after Plaintiff was sent to "cool down" following a verbal altercation with Defendant Ollis, Defendant White, who was visiting Mountain View that day, ordered Defendant Huggins

-1-

to seize Plaintiff's legal files without first providing a deprivation hearing in violation of Plaintiff's due process rights. (Doc. No. 1 at 2; 12). Plaintiff alleges that Defendant Huggins returned the legal files to Plaintiff the next day. (Id. at 13). Plaintiff also alleges that Defendant Ollis tampered with Plaintiff's mail in collusion with Defendant White. (Id. at 2). As to the verbal altercation with Defendant Ollis on October 22, 2013, Plaintiff alleges that Defendant Ollis "abuse[d] her authority as a mail room clerk in a collusive effort to assist in provoking me by my mental health issues to get me into segregation to gain access to my legal files." (Id. at 13). Plaintiff seeks various forms of injunctive relief, as well as compensatory and punitive damages. (Id. at 5).

## II.     DISCUSSION

### A. Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election

Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Reviewing Plaintiff's motion based on the above factors, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction. In support of his motion, Plaintiff states that he "seeks a temporary restraining order and a preliminary injunction to ensure that plaintiff is safe and secure in his person and property, mental health, medical care, mailing rights, plus access to the courts." (Doc. No. 9 at 1). Plaintiff does not speculate as to how he is being irreparably harmed during the pendency of the instant action. Moreover, Plaintiff does not show that he is likely to prevail in this action. At most, Plaintiff alleges that his legal files were taken from his cell for a brief time period and then returned to him. Plaintiff has simply not shown that he is entitled to a temporary restraining order or a preliminary injunction, and his motion will therefore be denied.

### B. Plaintiff's Motion to Amend

Rule 15(a) states that a court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. FED. R. CIV. P. 15(a)(1). Plaintiff's motion to amend is granted. The Court advises Plaintiff, however, that if he seeks to amend the Complaint, he must submit an amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint by merely adding defendants and claims in a piecemeal fashion. Furthermore, generally once Plaintiff amends his Complaint, his original Complaint is superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has

waived the omitted claims.  <u>Young v. City of Mt. Ranier</u>, 238 F.3d 567 (4th Cir. 2001).

### C. Plaintiff's Motion to Appoint Counsel

Finally, as to Plaintiff's motion to appoint counsel, Plaintiff states that the issues are complex, he is incarcerated and has no access to a law library, a trial will involve conflicting testimony, and he has numerous personality disorders.  <u>See</u> (Doc. No. 4).  There is no absolute right to the appointment of counsel in civil actions such as this one.  Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel.  <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987).  Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel.  Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

### III.   CONCLUSION

For the reasons stated, herein, Plaintiff's motion to amend is granted, and his motions to appoint counsel and for a temporary restraining order/preliminary injunction are both denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Leave to Amend and Supplement Original Complaint, (Doc. No. 18), is **GRANTED**.

(2) Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction, (Doc. No. 9), and his Motion to Appoint Counsel (Doc. No. 4), are **DENIED**.

Signed: February 24, 2015

Frank D. Whitney
Chief United States District Judge